In the Matter of the Application of GRETEL HIRSCHHORN, Voter, Appellant, for an Order to Strike from the Register of Voters of the Ninth Election District of the Twelfth Assembly District of the First Judicial District, New York County, the Names of THOMAS AHEARN and Others, Respondents, Unlawfully Thereon, Pursuant to Section 331 of the Election Law.

First Department, November 7, 1930.

*Louis Boehm, Deputy Attorney-General,* for the appellant.

*John J. O'Connor,* for the respondents.

McAvoy, J.  This application was made by an elector in one of the election districts of the twelfth Assembly district of New York county to strike from the register of voters the names of certain persons who are alleged to have been illegally registered.  The persons sought to be removed from the register are lodgers in the municipal lodging house maintained by the city of New York.

This municipal lodging house is conducted and managed by the department of public welfare, and is a public charitable institution, the funds for the support of which are appropriated by the board of estimate and apportionment of the city of New York, and those lodged therein are not required to make any payment for their lodging or maintenance.

We think that, since this institution is wholly supported at public expense, it comes within the provisions of article 2, section 3, of the Constitution of the State of New York, which provides, so far as the matter now under review is concerned, that " no person shall be deemed to have gained or lost a residence, by reason of his presence or absence,  *  *  *  while kept at any  *  *  * institution wholly or partly supported at public expense  *  *  *."

A person to be qualified to vote under the Constitution and the Election Law must have had, besides the qualifications of residence in the State for a year, and in the county for four months, the further qualification of having "for the last thirty days [been] a resident of the election district in which he or she offers his or her vote."  (Const. art. 2, § 1; Election Law, § 150, as amd. by Laws of 1923, chap. 809.)

Under these constitutional provisions and the requirements thereunder in the Election Law, persons who are lodgers at the municipal lodging house have not acquired a residence in the election district in which it is located, and are, therefore, not entitled to register their names for the purpose of voting therein.  Lodging in that institution is intended to provide merely a temporary abode in case of destitution, and there is neither an intent on the lodger's part to accept, nor on that of the municipal authorities to provide, a permanent home.

We, therefore, conclude that the temporary presence of a lodger in the municipal lodging house did not make him a resident of the election district, within the meaning of the Constitution.

The rule is that a domicile, requisite as a qualification for voting purposes, must be such residence as a voter apparently chooses, and has the right to assume, and which he may leave " as interest or caprice may dictate, but without any present intention to change it." (*People* v. *Cady*, 143 N. Y. 106.) Even if there were an intent on the part of the lodger to gain a residence in the lodging house, it would not be sufficiently manifested by his presence therein, because his residence there is limited to a prescribed period during which the regulations permit his presence. His stay may be at any time concluded by the superintendent. He has no choice, and his intent to maintain the place as a residence is ineffective, as intent to remain is not enough to work a change in his former domicile. There must be evidence, outside of mere presence in the place from which he attempts to register, to show that it has been adopted as his home; something beyond the mere abiding in a lodging place and wholly independent of it must exist. There must be " manifested by resultant acts  *  *  *  independent of [his] presence " (*Matter of Goodman*, 146 N. Y. 284) as a lodger, a situation or condition which justifies the conclusion that such abode has been adopted as a home.

We think, therefore, that the order so far as appealed from should be reversed and the names complained of stricken from the list.

DOWLING, P. J., MERRELL, FINCH and SHERMAN, JJ., concur.

Order so far as appealed from reversed, and the twenty-seven names whose exclusion is asked by the Deputy Attorney-General are directed to be stricken from the list.